**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| KYMBERLIE PIKE and | ) | |
| DANIEL F. LEE, III, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| vs. | ) | CASE NO.: |
| | ) | |
| BABE'S SOUTH, INC., | ) | |
| BRENNON P. VINET; | ) | |
| TERRA VINET, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____/ | | |

## COMPLAINT

COMES NOW, the Plaintiffs, KYMBERLIE PIKE and DANIEL F. LEE, III (hereinafter collectively referred to as "Plaintiffs"), by and through the undersigned counsel, and sues BABE'S SOUTH, INC., BRENNON P. VINET, and TERRA VINET (hereinafter collectively referred to as "Defendants"), and alleges:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and/or do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4.      Defendant, BABE'S SOUTH, INC., is a Florida For-Profit Corporation licensed under the laws of Florida and regularly transacts business in the State of Florida.

5.      The Defendant, BRENNON P. VINET, based on information and belief, is a resident of the State of Texas and transacts business in the State of Florida.

6.      The Defendant, BRENNON P. VINET, is the owner, operator, officer, managing member, manager, and/or is otherwise a management employee of BABE'S SOUTH, INC. and maintains operational control over BABE'S SOUTH, INC. including control over personnel and work policies.

7.      The Defendant, TERRA VINET, based on information and belief, is a resident of the State of Texas and transacts business in the State of Florida.

8.      The Defendant, TERRA VINET, is the owner, operator, president, managing member, manager, and/or is otherwise a management employee of BABE'S SOUTH, INC. and maintains operational control over BABE'S SOUTH, INC. including control over personnel and work policies.

9.      Based on information and belief, the Defendants, BABE'S SOUTH, INC., own and operate an adult entertainment establishment and saloon in Pensacola, Florida by the name of "BABE'S" or "BABE'S SHOW CLUB", and is located at 4024 North Davis

Hwy., Pensacola, Escambia County, Florida 32503 (hereinafter referred to as "BABE'S").

10. Plaintiff, KYMBERLIE PIKE, is a resident of the State of Florida and worked for the Defendants, in Escambia County, Florida, during the three (3) years before the date on which this Complaint was filed.

11. Plaintiff, KYMBERLIE PIKE, was employed by the Defendants as a waitress and/or door girl at the Defendants' establishment, BABE'S.

12. Plaintiff, DANIEL F. LEE, III, is a resident of the State of Florida and worked for the Defendants, in Escambia County, Florida, during the three (3) years before the date on which this Complaint was filed.

13. Plaintiff, DANIEL F. LEE, III, was employed by the Defendants as a bar-back and/or door man (security) at the Defendants' establishment, BABE'S.

## ALLEGATIONS OF FACT

14. The Defendant, BABE'S SOUTH, INC., is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

15. The Defendant, BRENNON P. VINET, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

16. The Defendant, TERRA VINET, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

17. The Defendants, as part of their business, engage in interstate commerce by processing credit cards which are instruments of interstate commerce, by purchasing alcoholic beverages, supplies, and other items from wholesalers, dealers, and suppliers out of state

which are part of interstate commerce, by regularly advertising via the World Wide Web and other media sources to persons outside the State of Florida or persons who are involved in interstate commerce, and would transact business across state lines, all of which are part of interstate commerce.

18.    The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

19.    The Defendants are employers in interstate commerce.

20.    The Defendant, BABE'S SOUTH, INC., is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

21.    The Defendant, BRENNON P. VINET, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue at BABE'S of at least five hundred thousand dollars ($500,000.00).

22.    The Defendant, TERRA VINET, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue at BABE'S of at least five hundred thousand dollars ($500,000.00).

23.    Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

24.    The Defendants control the day to day operations of BABE'S and are actively involved in the day to day operations of BABE'S including matters concerning hiring, firing, payroll,

setting policies, making procedures, setting goals, marketing, setting room rates, and other business operations.

25.     Defendants supervise the operations of BABE'S, including hiring and firing employees, setting work shift and/or schedules for the employees, and giving work assignments for employees and dancers.

26.     The Defendants have at least two employees who are involved in interstate commerce.

27.     Defendants, at all times material, are the "employers" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

28.     At all times material herein, Plaintiffs were employees of Defendant, BABE'S SOUTH, INC., within the meaning of the Act, 29 U.S.C. § 203(e)(1).

29.     At all times material herein, Plaintiffs were employees of Defendant, BRENNON P. VINET, within the meaning of the Act, 29 U.S.C. § 203(e)(1).

30.     At all times material herein, Plaintiffs were employees of Defendant, TERRA VINET, within the meaning of the Act, 29 U.S.C. § 203(e)(1).

31.     The Defendants are the Plaintiffs' employer.

32.     The Defendants controlled the Plaintiffs' day to day activities, supervised, or had operational control over the Plaintiffs.

33.     At all times material herein, the Defendants each controlled the Plaintiffs' day to day activities, supervised, and/or had operational control over the Plaintiffs. The Defendants each were responsible for hiring the Plaintiffs, terminating the Plaintiffs, setting the Plaintiffs' rate of pay, determining if overtime was to be paid, establishing policies as to tips and commissions, setting the Plaintiffs' work schedule including the number of days,

hours, and/or shifts worked, assigning the Plaintiffs' work duties, and supervising the Plaintiffs.

34.    The Defendants, each and jointly, had operational control over the Plaintiffs.

35.    The Defendants failed to pay the Plaintiffs for each and every hour the Plaintiffs worked for the Defendants.

36.    The Defendants permitted the Plaintiffs to work for them but did not pay the Plaintiffs for all work that they performed for the Defendants.

37.    The Plaintiffs have not receive wages or compensation for all hours that they worked for the Defendants.

38.    Additionally, the Defendants have not timely tendered to the Plaintiffs any and/or all of their paychecks/monies earned and have not paid liquidated damages in accordance with the Fair Labor Standards Act.

39.    The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

40.    The Plaintiffs regularly worked for the Defendants but were not paid at least the Federal Minimum Wage, for each hour worked as required by the FLSA.

41.    Defendants witnessed Plaintiffs performing work at BABE'S and that the proper compensation based on the number of hours the Plaintiffs worked at BABE'S was not tendered.

42.    The Plaintiffs were "non-exempt" employees of the Defendants.

43.    The Plaintiffs were hourly employees.

44. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

45. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times (1 ½) the regular rate of pay.

46. Plaintiff(s) were not paid overtime compensation for each and every hour that they worked over forty (40) hours in a work week.

47. Defendants knew and were aware at all times that Plaintiff(s) regularly worked more than forty (40) hours per week without overtime compensation.

48. Plaintiff(s) were entitled to be paid at a rate one and one-half (1 ½) times their regular hourly rate for each hour worked in excess of forty in a work-week.

49. Defendants failed and refused to properly compensate Plaintiff(s) at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

50. All records concerning the hours worked by the Plaintiffs are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiffs are unable to determine and state the exact amount of damages due.

51. The Defendants failed to maintain and preserve proper and adequate time records for the hours the Plaintiffs worked for the Defendants.

52. The Defendants managed the work that the Plaintiffs performed, the hours worked, and dictated, controlled, and ratified compensation policies that applied to the Plaintiffs.

53.     The Defendants' actions in failing and/or refusing to pay the Plaintiffs the applicable minimum wage and/or overtime compensation, as required by the FLSA, were willful and not in good faith.

54.     Plaintiffs have retained the undersigned attorneys and are obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER FLSA
## (AS TO KYMBERLIE PIKE)

55.     Plaintiff, KYMBERLIE PIKE, re-alleges and incorporates Paragraphs one (1) through eleven (11) and fourteen (14) through fifty-four (54) as if fully set forth herein.

56.     Plaintiff, KYMBERLIE PIKE, at all times material, was an employee of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

57.     The Defendants, at all times material, were Plaintiff PIKE'S employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

58.     The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

59.     The Defendants hired Plaintiff PIKE in or about July 2013 to work for them at BABE'S located at 4024 North Davis Hwy., Pensacola, Florida 32503.

60.     The Plaintiff worked for the Defendants at their establishment in Pensacola, Florida from approximately July 2013 through June 2015.

61.     During her time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, a waitress and door girl at the Defendants' establishment, BABE'S.

62.  When she worked for the Defendants as a waitress, the Plaintiff was paid the applicable tip credit rate.

63.  The Defendants regularly employed the Plaintiff as a waitress at the Defendants' establishment and classified her as a "tipped employee" under the FLSA, 29 U.S.C. 203(t).

64.  While the Plaintiff was employed by the Defendants, the Defendants regularly and improperly claimed a "tip credit" for the Plaintiff, and illegally paid the Plaintiff below the federal minimum wage as required by the FLSA.

65.  The Defendants did not properly notify the Plaintiff of the provisions of the "tip credit" as required by 29 U.S.C. § 203(m).

66.  Moreover, the Plaintiff was required to pool their tips with non-tipped employees, or employees who are not regularly and customarily tipped including, but not limited to, management.

67.  The Defendants' failure to comply with the FLSA tip credit requirements result in the Defendants' inability to claim a tip credit for Plaintiff.

68.  As the Defendants are unable to claim a tip credit for the Plaintiff, the Defendants are required to compensate the Plaintiff with at least the appropriate minimum wage amount during the period(s) of recovery.

69.  The Defendants have willfully refused to properly compensate the Plaintiff, despite the Defendants non-compliance with the FLSA requirements for engaging in a tip credit.

70.  The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked. 29 U.S.C. § 206(a).

71.     The Plaintiff regularly worked and was not paid the appropriate minimum wage for each and every hour she worked for the Defendants.

72.     The Plaintiff regularly worked and was not paid the appropriate minimum wage or the appropriate tip credit due her.

73.     Defendants knew and were aware at all times that Plaintiff was not paid the appropriate minimum wage or the appropriate tip credit due her.

74.     The Defendants practice of failing to pay Plaintiff the appropriate Minimum wage or the appropriate tip credit due her violated the provisions of the FLSA, *see* 29 U.S.C. §207. As a result of the Defendants' unlawful practice, Plaintiff has suffered unpaid wages.

75.     The Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

76.     The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

77.     The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

78.     The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

79.     Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

80.     As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff, KYMBERLIE PIKE, prays that this Honorable Court:

A.     Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act (FLSA);

B.     Enter judgment for the Plaintiff declaring that the Defendants violated the provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay the Federal Minimum Wage for each and every hour worked, as required by the FLSA, to Plaintiff or other employees in the future;

C.     Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid Federal Minimum wages consistent with the FLSA;

D.     Award Plaintiff an equal amount in liquidated damages;

E.     Award Plaintiff reasonable attorney's fees and costs of suit; and

F.     Grant such other and further relief as this Court deems equitable and just.

G.     Plaintiff demands a trial by jury.

### COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA
### (KYMBERLIE PIKE)

81.   Plaintiff, KYMBERLIE PIKE, re-alleges and incorporates Paragraphs one (1) through eleven (11) and fourteen (14) through fifty-four (54) as if fully set forth herein.

82.   Plaintiff, KYMBERLIE PIKE, at all times material, was an employee of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

83.   The Defendants, at all times material, were Plaintiff PIKE'S employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

84.     The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

85.     The Defendants hired Plaintiff PIKE in or about July 2013 to work for them at BABE'S located at 4024 North Davis Hwy., Pensacola, Florida 32503.

86.     The Plaintiff worked for the Defendants at their establishment in Pensacola, Florida from approximately July 2013 through June 2015.

87.     During her time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, a waitress and door girl at the Defendants' establishment, BABE'S.

88.     On average, the Plaintiff regularly worked over forty (40) hours per week for the Defendants, up to approximately forty-eight (48) hours a week.

89.     Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

90.     The Defendants employed Plaintiff in excess of forty (40) hours in each work week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty in a work-week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

91.     The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

92.     As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of

40 hours for each week she was employed by the Defendants and for which she was not

paid one and one half times (1 ½) her regular rate.

93.    The actions of the Defendants complained of herein were willful within the meaning of

29 U.S.C. § 216(b).

94.    Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to

recover her attorneys' fees and costs connected with this suit.

95.    As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime

compensation in amounts to be determined at trial, and is entitled to recovery of such

amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff, KYMBERLIE PIKE, prays that this Honorable Court:

A.    Enter judgment for the Plaintiff and against the Defendants on the basis of
Defendants' willful violations of the overtime provisions of the Fair Labor
Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B.    Enter judgment for the Plaintiff declaring that the Defendants violated the
overtime provisions of the Fair Labor Standards Act and enjoining the Defendants
from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff
or other employees in the future;

C.    Award Plaintiff actual and compensatory damages in the amount shown to be due
for unpaid overtime compensation;

D.    Award Plaintiff an equal amount in liquidated damages;

E.    Award Plaintiff reasonable attorney's fees and costs of suit; and

F.    Grant such other and further relief as this Court deems equitable and just.

G.       Plaintiff demands a trial by jury.

**COUNT III – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA**
**(DANIEL F. LEE, III)**

96.     Plaintiff, DANIEL F. LEE, III, re-alleges and incorporates Paragraphs one (1) through nine (9), twelve (12) through forty-three (43), and fifty (50) through fifty-four (54) above as if fully set forth herein.

97.     Plaintiff, DANIEL F. LEE, III, at all times material, was an employee of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

98.     The Defendants, at all times material, were Plaintiff LEE'S employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

99.     The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

100.    The Defendants hired Plaintiff LEE in or about May 2015 to work for them at BABE'S located at 4024 North Davis Hwy., Pensacola, Florida 32503.

101.    The Plaintiff worked for the Defendants at their establishment in Pensacola, Florida from approximately May 2015 through June 2015.

102.    During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, a bar-back and door man (security) at the Defendants' establishment, BABE'S.

103.    The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

104.   The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA or due him.

105.   Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

106.   The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

107.   The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

108.   The Defendants practice of failing to pay Plaintiff the appropriate minimum wage due him violated the provisions of the FLSA, *see* 29 U.S.C. §207.   As a result of the Defendants' unlawful practice, the Plaintiff has suffered unpaid wages.

109.   The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

110.   Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

111.   As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff, DANIEL F. LEE, III, prays that this Honorable Court:

A.   Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B.      Enter judgment for the Plaintiff declaring that the Defendants violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

C.      Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

D.      Award Plaintiff an equal amount in liquidated damages;

E.      Award Plaintiff reasonable attorney's fees and costs of suit; and

F.      Grant such other and further relief as this Court deems equitable and just.

G.      Plaintiff demands a trial by jury.

## **JURY TRIAL DEMANDED**

DATED this 28th day of September, 2015.

                              Respectfully submitted,

                              */s/ Jeremiah J. Talbott*
                              JEREMIAH J. TALBOTT, ESQ.
                              FL Bar No. 0154784
                              TYLER L. GRAY, ESQ.
                              FL Bar No. 0059738
                              Law Office of Jeremiah J. Talbott, P.A.
                              900 East Moreno Street
                              Pensacola, FL  32503
                              (850) 437-9600 / (850) 437-0906 (fax)
                              jjtalbott@talbottlawfirm.com;
                              tyler@talbottlawfirm.com;
                              civilfilings@talbottlawfirm.com
                              *Attorneys for Plaintiffs*